JAMES DELLUMO, Petitioner

v.

OFEIRA DELLUMO, Respondent

High Court of American Samoa
Trial Division

DR. NO. 73-84

March 20, 1987

Before REES, Chief Justice, AFUOLA, Associate Judge
and TUIAFONO, Associate Judge.

Counsel: For Petitioner, John Ward
         For Respondent, Aviata Fa'alevao

Opinion and Order on Post-Trial Motions:

The parties were divorced on October 29, 1984.
The court gave custody of the parties' six children
to respondent, Ofeira Brown Dellumo. Petitioner,
James Dellumo, was ordered to pay alimony of $100
per month and child support of $50 per month per
child. In late 1985 the order was modified to give
custody of two children, Cathy and Angel, to
petitioner, and also to require petitioner to pay
$5200 (13 payments of $400 per month) to respondent
in liquidation of her share in the family business.
Each party now alleges that the other has violated
the order in several respects. Petitioner also
asks that the court quash a garnishment secured by

48

respondent against the corporation that now owns the family business, and that the order be modified to discontinue the payment of alimony and to reduce the amount of child support.

## I. CHILD SUPPORT ARREARAGES

The total amount of payments should have been $300 per month from November 1985 through March 1985, or $3900, plus $200 per month from December 1985 through March 1987, or $3200, for a total of $7100. Petitioner has submitted evidence that he paid $4180 to respondent for "alimony and child support"; we will credit this toward child support. We will also credit the $350 he paid to the Clerk of the High Court, as well as $200 reflecting a garnishment of his personal bank account and a cash payment during February. A $100 payment made by petitioner to his attorneys, which was to have been forwarded to respondent but was ultimately returned to the petitioner, will not be credited. Two payments of $25 each of invoices on Top Shop accounts will not be credited toward child support but will be discussed later. The total amount of arrearages on child support, therefore, is $7100-($4180 + $350 + $200) or $2370.

It is unclear how much of this money is owed to the respondent and how much is owed to the Department of Social Services of the state of Hawaii, which received an assignment of child support payments in return for making AFDC payments to some of the children while they were in Hawaii, and which may or may not still be caring for the children. The Clerk of Courts has already forwarded $350 to the State of Hawaii pursuant to a Uniform Reciprocal Enforcement of Support claim.

We therefore make the following order with respect to child support arrearages: Petitioner shall pay $200 per month to the Clerk of the High Court on or before April 15th, 1987, and continuing until the entire $2370 (plus interest on the unpaid balance at the rate of 1/2% per month from March 15, 1987) has been paid. The Clerk will ascertain what amounts are owed to the State of Hawaii (including the $1603 which petitioner has already been ordered to pay) and will apply petitioner's payments to retiring this debt. If, as seems quite possible, the total debt to the State of Hawaii exceeds $2370, the balance will be satisfied out of other funds owed by petitioner to respondent. (The Court will ensure, in other words, that petitioner is not required to pay the same debt twice.) If

49

the debt to Hawaii should be less than $2370, the balance will be paid by the Clerk to respondent.

## II. ALIMONY ARREARAGES

Since all amounts paid by petitioner as "child support and alimony" have been credited to child support, the entire amount from the date of judgment to the present remains due. $100 per month from November 1984 until March 1987 amounts to $2900. Against this amount, however, petitioner claims credit for certain items of merchandise respondent received from the family business, the price of which she agreed to have deducted from her alimony payments. We have examined the records of such receipts proffered by the petitioner, and find that only $217.10 can be charged against the alimony payments in accordance with the agreement.

Respondent agreed that "shortages or losses on any invoices from the Top Shop or Fabric Arts Printing that I have signed for merchandise that I have recieved" (sic) could be deducted. Two of the documents submitted by petitioner are pages from loose leaf notebooks which do contain what appears to be respondent's signature as well as references to items of merchandise, but the pages contain no reference to any receipt, purchase, loss, shortage, or invoice; nor are the signature and the lists juxtaposed in such a way as to give an observer any confidence at all that the person whose name is on the page has received the items in question. Two of the documents submitted seem to be records of payments on an account (apparently the same two $25 payments claimed by petitioner in his list of alimony and child support payments), and also seem to have been signed not by the respondent but by the petitioner himself. Another invoice for $88.21 contains notations indicating that all but $13.00 was paid. (We give respondent credit for this amount plus the entire amount on invoices number 7432, 7435, 2478, and 2479, although the "Not Paid" entries on these invoices are written below the petitioner's signature and in another hand.) The alimony arrearages therefore total $2900 - $217.10, or $2682.90.

We will allow petitioner to postpone payment of alimony arrearages until after the payment of all child support arrearages, provided that the $200 monthly payments are made on time. After the back child support has been paid (in about fourteen months) the alimony arrearages should be paid to the Clerk of the High Court in the amount of $200

50

per month on or before the 15th of each month. This monthly payment will be made until the petitioner has paid $2682.90 plus interest on the unpaid balance at 1/2% per month. The Clerk will first remit to the State of Hawaii any amounts remaining on the back child support debt, and shall remit all further amounts to the respondent.

### III.   THE PROPERTY SETTLEMENT

The parties agree that the petitioner has paid $2400 of the $5200 property settlement, and that $2800 remains to be paid. The payment schedule will be discussed below.

### IV.   THE GARNISHMENT OF THE CORPORATE BANK ACCOUNT

Petitioner has moved to quash a writ of garnishment directed at a bank account in the name of South Pacific Clothiers, Inc. This corporation was organized in mid-1984 (a few months before the petitioner sued the respondent for divorce) and ownership of the business which had formerly been owned and run jointly by petitioner and respondent was transferred to the corporation. This was the very business in respect to which the Court ordered petitioner to pay respondent $5200 in liquidation of her share, and whose difficulties petitioner has cited as evidence of his own inability to pay alimony and child support. Petitioner is the general manager of the corporation and owns 50% of the stock. He and his new wife each draw a salary of about $400 per month from the corporation, and apparently sometimes live in the building that houses some of its operations. This is the corporation on whose account petitioner claims an offset of $1473 (of which the court has awarded $217) from his alimony payments, although he submits evidence that he repaid the corporation only $50 from his personal accounts. There is, in other words, abundant evidence that both parties have treated the corporation as the mere alter ego of the petitioner, and that it would be grossly unfair to allow him to shelter assets and income behind the corporate veil while defaulting on thousands of dollars in child support, alimony, and a property settlement whose purpose was to compensate the respondent for the loss of her share in the very business now conducted by the corporation.

On the other hand, the petitioner testified that another person, apparently unconnected with

the present litigation, owns the other 50% of the stock in the corporation. Assuming that he acquired his interest at arm's length and without notice of the circumstances giving rise to the formation of the corporation, it would be unjust to allow the assets of the corporation to be liquidated to satisfy the personal debts of his co-proprietor. Assuming that petitioner's new co-owner was not extraordinarily foolish, however, petitioner must have brought something of value into the corporation, and that something belonged mostly to the respondent and to the six children of the marriage. Balancing the inequities, we conclude that the best solution is to refuse to quash the writ and to apply the amount obtained (about $1900) to the $2800 owed by the petitioner on the property settlement. No future seizure of corporate assets will be permitted, however, without a clear prior showing that petitioner is fraudulently sheltering assets or income.

We will allow petitioner to postpone payment of the remainder of the property settlement (about $900 plus interest on the unpaid balance at the rate of 1/2% per month) until after payment of the child support and alimony arrearages has been made. He will then pay $200 per month to the Clerk of the High Court, who will forward the money to the respondent.

V.   FUTURE PAYMENTS

The order will be modified to suspend future alimony payments, although respondent retains the right to ask that alimony be reinstituted if circumstances warrant.

Petitioner shall continue to pay $50 per month for each of the four children not in his custody. Within three days of the receipt of this order, counsel for respondent shall file with the Clerk of the High Court an affidavit from his client stating the whereabouts of the three children and whether she is still receiving AFDC payments from Hawaii. If they are in Samoa being cared for by respondent and her family, all child support shall be paid to the respondent. If the children are in Hawaii being cared for by the Department of Social Services, payments on their account shall be made to the Department.

VI.   CUSTODY AND VISITATION

Custody of the children will remain as it is,

52

although each party retains the right to call to the attention of the court any circumstances warranting a change in custody. Each party is enjoined from interfering in any way with the visitation rights of the other party.

## CONCLUSION

On or before the 15th of April and of every month thereafter until further notice, the petitioner shall pay $400 to the Clerk of the High Court. $200 of this amount will pay his child support obligation for the current month to the respondent and/or the State of Hawaii. The other $200 will go to repay his arrearages, in the following order: (1) child support owed to the State of Hawaii; (2) child support owed to the respondent; (3) alimony; (4) property settlement. Wilful failure to make any such payment when due will be punishable as contempt of court.

Respondent shall immediately notify the court of the present whereabouts of the three children who were formerly being cared for in Hawaii.

The motion to quash the writ of garnishment is denied. The funds obtained pursuant to the writ will be delivered to the respondent.